Judge Marshall
delivered the Opinion of the Court.
Horatio Wright brought this action against John Haddock and eleven others,, to recover damages for the alleged conversion of a stallion, averred, to have been the property of the plaintiff. At the first term after the commencement of the suit, a plea in abatement - was filed, relying on the non-residency of the plaintiff, and his failure to execute bond for *254 costs &c. At the second term, there was a replication to this plea, denying the allegation of non-residency, on which the defendants joined issue. And at the succeeding term, a jury found for the plaintiff on this issue, but failed to find any damages. Before any order was taken, upon the verdict, the defendants moved for a new trial, on various grounds; and, during the pendency of that; motion, the plaintiff moved for a writ of enquiry, to as - certain his damages, but the Court refused the same. And at the next term — to which time the motion for a new trial was continued — a new trial was awarded on terms; and the defendants being permitted to withdraw their plea in abatement, filed a plea of not guilty. And on their motion, proof being made conducing to show that the plaintiff was a non-resident, he was required to give security for costs, on or before a succeeding day of the term, with an offer, which he rejected, of extending the time to the next term. The plaintiff having failed to give security for costs, the suit was dismissed therefor; and he appeals to this Court — assigning for error, that the Circuit Court erred, first — in granting the new trial; secondly — in refusing to award a writ of enquiry; third — in ruling him to give security for costs, and in dismissing the suit.
A motion for a new trial precludes, while it is pending , all motions for further proceedings in the case.
Affidavits used on a motion for a new trial, which are in conflict with the record, are unavailing : e. g. verdict against 12 defts.; some allege that they were never served with process, & never authorized the plea that was filed; but the language of the plea is, “the said defts. (naming them all) come in their proper persons” &c., and after they had been served with process , and a replication was filed, the defts. join issue: the objection to the verdict is obviated by the record.
*254 As the pendency of the motion for a new trial was obviously a good and sufficient reason for refusing to proceed further upon the verdict, until that motion was disposed of — no further remarks need be made upon the second error assigned. And for the same reason, it is unnecessary to notice the fourth error assigned, further than to state that it merely calls in question the propriety of requiring the plaintiff to pay the jury fee before he should have a judgment, or other proceeding on the verdict.
The only remaining subjects to be considered, are the granting of a new trial, and the requisition of security for costs.
Upon the motion for a new trial, several affidavits were introduced, tending to show that the attorney who filed the plea in abatement, had not been employed by all of the defendants, and that some of them, and es - *255 pecially two, upon whom the process was not served until after the plea had been filed, had not authorized it. But all objections growing out of these facts and others of the same character are, in our opinion, obviated by the course of the proceeding as it appears on the record. 1. The plea itself sets forth the names of all of the defendants, and states that they come in .proper person and plead: at that time, the process had been served on ten of the twelve defendants. 2. Before the second term, the process was served on all of the defendants, and at the second term, the plaintiff replied, and the record states that the defendants filed a joinder. 3. The trial was not had until the succeeding term, which was the second after full service of process, and without any other appearance, or defence, or any attempt to change the state of the pleading on the part of any of the defendants, and without objection of any sort, they all appear to have gone into the trial. Under these circumstances, although all may not have participated actively in the original employment of an attorney, and in concerting the defence, they must be deemed to have acquiesced in what was done, and to be bound by it.
p|ace atacertain time, his own de-A dec’n filed aP ter the writ issued, and no order of court for filing it ; but a plea craves oyer of the dec’n, which is given: no advantage can be taken, at a term subsequent to the plea, of the want of an order filing the declaration. When a party (on the trial of an issue on the allegation that he is a nonresident) has proved that he was com mo-rant at a certain clarations as to his residence there, then, may be proved as part of the res gestae. But bis mere statement that he resided at such a place, unconnected with the fact, proved otherwise, of his being there, is wholly inadmissible — its admission, ground for a new trial.
Another objection to the trial was, that the declaration appeared, by the endorsement on it, to have been filed the day after the writ bears date, and it did not appear that it was ever afterwards filed in court &c. But the plea in abatement craves oyer of the declaration, and says it is given. After this statement, and after making up an issue and trying it, it was too late, at the third term, to object that the declaration was not .properly in Court.
But there were, in our opinion, other sufficient grounds for granting the new trial. The defendants having, on the trial of the issue, introduced evidence conducing to prove, that the plaintiff was a non-resident at the time of the commencement of the suit — he was permitted, notwithstanding the objection of the defendants, to *256 prove, by a single witness, that when he came to Lebanon, in July, 1836, to bring this suit, he remained two or three days, and said he resided at Louisville. This was obviously permitting the plaintiff to make evidence for himself, in a matter relating to this very suit. It is doubtless true, that when it is shown that an individual whose residence or citizenship is in question, has been commorant in a particular place, his declaration of his intending to remain there, or his claim of being a resident or citizen there, made while he is so commorant, may, under certain circumstances, be admissible evidence, as a part of the fact, or as a cotemporaneous and natural explanation of the fact. But this is no such case. There was no proof that the plaintiff had been commorant in Louisville, or in the State, except the fact that he had come to Lebanon, for the purpose of bringing this suit. The declaration that he resided in Louisville was, therefore, neither a part of the fact of his commorancy at Louisville, nor an explanation of that fact, because no such commorancy was proved. It certainly could not be connected with the fact of his being at the moment in Lebanon, to prove that he was a resident of that place. And as proof of the fact of commo-rancy at Louisville, and of the nature and intent of that commorancy, it was clearly inadmissible.
Defts. who have pleaded pltfs. non residence & failure to give security for costs, in abatement, and withdrawn the jplea,may, nevertheless, more for security for costs; and if it appears that pltf. is a non "resident when the motion is made, it should be gran ted
*256 From an inspection of the bill of exceptions, it is manifest that the verdict of the jury must have been founded mainly upon this illegal evidence. It is at least quite probable, that they would have found a different verdict, had this evidence not been before them. Its admission was, therefore, a sufficient ground for granting the new trial: and no other need be noticed.
A new trial having been properly granted, and the plea in abatement having been withdrawn by leave of the Court, and a plea of not guilty filed, which last steps are not questioned in this Court, by the assignment of errors — the defendants must be deemed to have had the right in this case, as in any other, to require security for costs, if the plaintiff, at the time of the requisition, was a non-resident. And, as the evidence ad *257 duced on their motion for this purpose, conduced sufficiently to prove that the plaintiff became a non-resident after the commencement of the suit, if he was not so at that time, and no proof whatever of his being a resident at any time was introduced, we cannot say that the Court erred in requiring the security. Nor can any objection be taken to the shortness of the day given, as the plaintiff seems to have been in Court, and to have refused a longer time. The dismission of his suit was the proper legal consequence of his failure to give the security, under the imperative mandate of the statute. Slat. Law, 265.
A pltf. who was offered , in the court below, a longertimetoget security for costs than was given, but refused it, cannot complain in this court,that the time was too short.
Wherefore, the judgment is affirmed.